MAXWELL v. SCHOTT et al.    (No. 2009.)

Court of Civil Appeals of Texas. El Paso.
April 7, 1927.

1. Homestead ⬦99—Trust deed, securing money loaned to purchase home under agreement to give lien thereon, is superior to homestead claim.

Deed of trust, given to secure money loaned to purchase home under agreement that lender should have lien on property, is superior to homestead claim.

2. Homestead ⬦99—Trust deed, securing money loaned to purchase home, held invalid as to amount loaned to make improvements after homestead right attached.

Deed of trust, given to secure money loaned to purchase home and make improvements after homestead right attached held invalid to extent of amount loaned for improvements.

3. Homestead ⬦99—That part of money secured by trust deed was originally advanced to purchase other property than home purchased with it, and money subsequently loaned did not defeat lien as to such part.

That part of money, secured by trust deed, was originally advanced for purchase of other property than home, for which subsequent loans included were made, did not defeat lender's lien as to such part, where she permitted borrower to retain it under agreement that it was to be used in purchase of home and secured by lien thereon.

4. Appeal and error ⬦880(3)—Proposition relating to judgment against plaintiff in error's divorced wife, who did not appeal, will not be considered.

Proposition relating to judgment against plaintiff in error's divorced wife, who did not appeal, will not be considered; correctness of such judgment being of no concern to plaintiff in error.

Error from District Court, Dallas County; Claude M. McCallum, Judge.

Action by Anna Schott against Chas. P. Maxwell and wife. Judgment for plaintiff,

and named defendant brings error. Affirmed.

White & Yarborough, John White, and Currie McCutcheon, all of Dallas, for plaintiff in error.

Spence, Smithdeal, Shook & Spence, of Dallas, for defendants in error.

HIGGINS, J. This suit was brought by defendant in error, Mrs. Anna Schott, against Chas. P. Maxwell, plaintiff in error, and wife, Martha Maxwell, upon a note executed by the Maxwells in favor of Mrs. Schott in the principal sum of $2,767.36, dated January 12, 1924, secured by deed of trust upon land hereinafter referred to as the Pecan street property.

Judgment was rendered in Mrs. Schott's favor for the amount due upon the note; the deed of trust was established as a lien upon the land securing the payment of the note, less $250, which lien was foreclosed. Chas. P. Maxwell alone prosecutes the writ of error. The trial court's findings are lengthy.

The material portions thereof, and which the evidence supports, may be summarized as follows:

In August, 1919, the plaintiff in error borrowed $1,200 from Mrs. Schott to use in purchasing a home, which is referred to as the Tremont street property, under an agreement that Mrs. Schott should have a lien upon the property to secure the repayment of the money and that the title papers should be prepared to properly evidence and fix such lien. A note for $1,200 was executed by the Maxwells to cover such loan, but Maxwell did not have the lien evidenced and fixed as agreed, of which Mrs. Schott was ignorant. Thereafter the Maxwells sold the Tremont street property at a profit and desired to buy another home. At their request Mrs. Schott permitted the Maxwells to retain the $1,200 and loaned them $800 more, making a total loan of $2,000, which they used as a part of the purchase price of the Pecan street property. At the time the second loan was made, it was agreed Mrs. Schott should have a lien upon the property to secure the $2,000, and plaintiff in error would have the title papers prepared to properly evidence and fix the lien. At that time the Maxwells gave Mrs. Schott a note for $2,000, but plaintiff in error failed to have the lien evidenced and fixed as he had agreed to do, of which Mrs. Schott was ignorant. She thought it had been done. Upon acquiring the Pecan street property, the Maxwells made it their home. Mrs. Schott loaned them $250 more to be used in making improvements thereon.

Trouble arose between Maxwell and wife, and they separated. Subsequent to August 1, 1923, Maxwell defaulted in his obligation to Mrs. Schott and claimed she had no security. Mrs. Schott then discovered a lien had not been given to her as agreed. However, on January 12, 1924, Maxwell and wife executed and delivered to Mrs. Schott the note and deed of trust sued upon. The note covered the moneys loaned as above stated, with accumulated unpaid interest. The deed of trust contained recitals of the agreement relating to lien as aforesaid and that the same was given in pursuance of such agreement.

[1] It is asserted the deed of trust upon the homestead is invalid, and the court erred in establishing and foreclosing the same. There is no occasion to discuss this question, for it is well settled that the deed of trust to the extent of $2,000 and accumulated interest was superior to the homestead claim, because the same was given to Mrs. Schott to secure money loaned to purchase the home, which loan was made under an agreement at the time the loan was made that she should have a lien upon the property to secure the same. The authorities are cited and discussed in Floyd v. Hammond (Tex. Com. App.) 268 S. W. 146.

[2] The deed of trust was invalid to the extent of the $250 loaned to make improvements after the homestead right had attached (Ellerman v. Wurz [Tex. Sup.] 14 S. W. 333; Bldg. & Loan Ass'n v. Logan [Tex. Civ. App.] 33 S. W. 1088; Campbell v. McCampbell [Tex. Civ. App.] 34 S. W. 970; Girardeau v. Perkins, 59 Tex. Civ. App. 552, 126 S. W. 633), and foreclosure as to this sum was denied.

[3] The fact that $1,200 of the money was originally advanced for the purchase of other property does not defeat the lien as to this amount, in view of the fact that Mrs. Schott permitted Maxwell to retain it under an agreement that it was to be used in the purchase of the Pecan street property and secured by lien thereon. It would have been a mere matter of form for Maxwell to have then paid the $1,200 to Mrs. Schott who would immediately return it to him.

The suit is based upon a note and deed of trust dated January 12, 1924; hence neither the two years' nor other statutes of limitations have any application.

The overruling of a special exception leveled by plaintiff in error against the petition presents no error.

[4] The seventeenth proposition relates to the judgment against Mrs. Maxwell. She has not appealed. She is content to abide the judgment of the lower court. The correctness of the judgment against her is of no concern to the plaintiff in error, from whom she is separated and divorced.

Our findings of facts and rulings, in one form or another, dispose of all questions presented.

Affirmed.